Alan **HELFAND**, Trustee, Appellant,

v.

Frank P. **HYDE**, Appellee.

No. 99 CV 1899(BDP).

United States District Court,
S.D. New York.

May 7, 1999.

Heath S. Berger, Steinberg, Fineo, Berger & Burlant, P.C., Garden City, NY, for appellant.

Richard S. Kanowitz, Todtman, Nachamie, Spizz & Johns, P.C., New York City, for appellee.

**MEMORANDUM DECISION
AND ORDER**

BARRINGTON D. PARKER, Jr., District Judge.

Appellant, Alan Helfand, appeals a November 25, 1998 Order of the Bankruptcy

Court (Hardin, J.) releasing the debtor, Frank P. Hyde, from all dischargeable debts. For the reasons stated below, this Order is affirmed.

 Appellant failed to timely object to the debtor's motion for discharge. Federal Rule of Bankruptcy Procedure 4004(b) provides: "On motion of any party in interest, the court may extend for cause the time for filing a complaint objecting to discharge. The motion shall be made before such time has expired." Appellant argues that his time to object to discharge should have been tolled due to the debtor's fraudulent concealment of grounds for the denial of the discharge. However, no appropriate factual predicate for this contention has been supplied. Moreover, we note that the appellant sought and obtained three prior extensions to object to the debtor's discharge under § 727 of the Bankruptcy Code. As a result, this Court finds appellant's tolling argument unconvincing.

 On October 8, 1998, Judge Hardin denied appellant's motion to extend the time to commence actions with regard to (1) 11 U.S.C. § 547 or § 548 or any other applicable section of the Bankruptcy Code, and (2) dischargeability under 11 U.S.C. § 727 or § 523. Appellant now seeks to revisit that decision, arguing that Rule 9006 of the Federal Rules of Bankruptcy Procedure allows a court to grant an extension of time due to excusable neglect in actions brought under 11 U.S.C. § 546, and by extension, 11 U.S.C. §§ 547 and 548. Appellant further argues that such an extension of time should have been allowed in this case for actions commenced under 11 U.S.C. §§ 547 and 548. Appellant concedes, however, that Rule 9006 does not apply to extensions of time based on § 727 or § 523. As this appeal implicates only a discharge under §§ 727 and 523 of the Bankruptcy Code, Rule 9006 does not apply, and the appellant is not entitled to an extension of time based on excusable neglect. In addition, this Court notes that appellant could have directly appealed Judge Hardin's October 8, 1998 Order, but apparently elected not to do so. That Order has now become final.

Because appellant failed to timely object to the debtor's motion for discharge, and because Rule 9006 does not entitle appellant to an extension of time to commence actions against the debtor with respect to dischargeability, the Bankruptcy Court's Order of November 25, 1998 is affirmed.

**SO ORDERED.**